UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MEDALLIA INC.,<br><br>   Plaintiff,<br><br>v.<br><br>CONTENT SQUARE SAS,<br><br>   Defendant. | Case No. 6:21-cv-532 |

**COMPLAINT FOR PATENT INFRINGEMENT AND
<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff Medallia Inc. ("Plaintiff" or "Medallia"), by and through its counsel, files its Complaint against Defendant Content Square SAS ("Defendant" or "Content Square") and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement of Plaintiff's United States Patent No. 8,886,552 ("the '552 Patent") by Defendant under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

## PARTIES

2. Plaintiff Medallia is a publicly traded corporation organized and existing under the laws of the State of Delaware. Medallia maintains an office within this Judicial District at 211 East 7th St., Floor 11, Austin, TX 78701.

3. Upon information and belief, Defendant Content Square SAS is a company organized and existing under the laws of France, having its principal place of business at 5 Boulevard de la Madeleine, 75001 Paris, France.

4. Upon information and belief, Content Square has over 700 employees located in France, Israel, the United States, Japan, the United Kingdom, and Germany, including in Austin, Texas.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Content Square at least because Content Square has committed one or more of the infringing acts complained of herein in Texas and in this Judicial District. On information and belief, Content Square places infringing products into the stream of commerce, and/or causes such products to be placed into the stream of commerce, with the knowledge, understanding, and expectation that such products will be sold and/or used in Texas and in this Judicial District. Additionally, upon information and belief, Content Square

maintains an office in this Judicial District, has multiple employees in this Judicial District, and is currently advertising multiple open sales, marketing, and engineering positions in this Judicial District. Plaintiff is informed and believes, and on that basis alleges, that Content Square derives substantial revenue from the sale of infringing products in this Judicial District, expects its actions to have consequences in this Judicial District, and derives substantial revenue from its acts in this Judicial District. Thus, a substantial part of the events giving rise to Medallia's claims occurred and continues to occur in this Judicial District.  On information and belief, Content Square has purposefully availed itself of the privilege of conducting activities within the State of Texas and within this Judicial District. Content Square's activities in the State of Texas and within this Judicial District are continuous and systematic and give rise to the liabilities that are the subject of this Complaint. More specifically, on information and belief, Content Square's activities include, inter alia, developing, promoting, and supporting infringing products that it offers for sale, sells, markets, advertises, and supports at least in part through personnel in Texas and in this Judicial District. See, e.g., https://contentsquare.com/blog/the-digital-happiness-summer-roadshow-2019/ ("We're hosting our Austin roadshow at Maggie Mae's, an iconic 'bar' that screams Austin.") (visited on 5-23-21).

7. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Content Square resides, and/or is deemed to reside, in this Judicial District and has substantial, systematic, and continuous contacts with this Judicial District. On information and belief, Content Square has committed acts of infringement in this Judicial District and/or has purposefully transacted business involving the accused products in this District including by, among other things, making, using, selling, offering to sell, and/or importing products in this Judicial District by itself or in conjunction with others, either directly or through intermediaries.

## FACTUAL BACKGROUND

8. Medallia is a leader in customer, employee, citizen, and patient experience analytics. Medallia's award-winning SaaS platform, Medallia Experience Cloud, captures

billions of experience signals across voice, video, digital, IoT, social media, and corporate messaging channels. Medallia has invested substantial time and money in developing its proprietary artificial intelligence and machine learning technology to automatically uncover predictive insights that drive powerful business actions and outcomes.

9. The '552 Patent addresses a real need to evaluate user reaction and user experience when navigating through websites over a network. The '552 Patent is an improvement over pre-existing computer technology that enables more accurate and interactive analysis of user interaction and feedback collected on the websites over the network in real time. By improving the underlining computer technology for user feedback analysis, the '552 Patent has achieved commercial success as exemplified by Medallia's award-winning SaaS platform, the Medallia Experience Cloud, which leads the market in understanding and management of experience for customers, employees, patients and citizens. The '552 invention can reduce churn, turn detractors into promoters and buyers, create in-the-moment cross-sell and up-sell opportunities and drive revenue-impacting business decisions.

10. Content Square was founded in 2012 by Jonathan Cherki, who serves as CEO of Content Square SAS.

**FIRST CAUSE OF ACTION**

**(Infringement of Patent No. 8,886,552)**

11. Medallia hereby re-alleges and incorporates by reference the foregoing paragraphs of the Complaint as if fully set forth herein.

12. The '552 Patent, entitled "METHOD AND SYSTEM FOR ONLINE USER FEEDBACK ON WEBSITES AND SOFTWARE," was duly and legally issued on November 11, 2014.

13. Medallia owns all right, title, and interest in the '552 Patent as well as the right to sue for, collect, and receive damages for past, present, and future infringements of the '552 Patent. A true and correct copy of the '552 Patent is attached hereto as Exhibit A.

14. The '552 Patent is valid and enforceable.

15. Content Square has infringed and continues to infringe, literally and/or by the doctrine of equivalents, one or more claims of the '552 Patent by making, using, selling, and/or offering to sell its web analytics platform(s), alone or in coordination with one or more Technology Partners (https://partners.contentsquare.com/technology-partners) other than Medallia, including but not limited to Survey Monkey, in violation of at least one claim of the '552 Patent ("the Accused Product") in the United States and/or importing the Accused Product into the United States. On information and belief, the Accused Product infringes at least claim 1 of the '552 Patent because the Accused Product "helps companies understand hidden customer behaviors, and use those insights to drive more successful experiences" (https://Content Square.com/). For example, the Accused Product collects and analyzes structured user feedback on websites as shown below:

> **Scrutinize and quantify negative feedback**
>
> Uncover why you're getting specific feedback on your digital properties through advanced integrations with leading Voice of Customer vendors, and quantify the impact on your top line. Link behavior analysis with those who have left feedback, enabling you to quickly contextualize why visitors are saying what they do. Learn more about Voice of Customer integrations.

https://Content Square.com/why-Content Square/design-ux-teams/

16. Moreover, as indicated on Content Square's website, the Accused Product generates and provides structured feedback forms for providing website user feedback on website user interaction that includes selectable feedback messages provided in a categorized and nested structure.



https://Content Square.com/partners/ -- Video Clip "The Power of Customer Insights Everywhere The Content Square Experience Partner Ecosystem & Open APIs".

17.    As illustrated by the below figure, the Accused Product further determines that a given user intends to cancel a transaction or abandon the website based on a website action of a given user, and upon making such determination, presents a feedback form to the user in order to collect and analyze feedback data.



https://Content Square.com/platform/



https://Content Square.com/platform/customer-journey-analytics/

18.     As demonstrated on Content Square's website, the Accused Product also automatically collects and analyzes website user feedback including functionality to provide at least one analysis report based on multiple website users, including a structured analysis report.



https://Content Square.com/platform/customer-journey-analytics/

      19.     As illustrated on Content Square's website, the Accused Product further provides a web analytics interfacing functionality to receive web behavior analysis of the user wherein the analysis of user feedback includes the behavior analysis that produces an analysis report.



https://Content Square.com/why-Content Square/design-ux-teams/

      20.     Likewise, as shown in the below figure, the automatic analysis of website user feedback produced by the Accused Product includes factoring the received web behavior analysis in the automatic analysis and producing at least one analysis report that includes an integration of the received web behavior analysis.



https://Content Square.com/platform/struggle-analysis/



https://Content Square.com/platform/

    21.    And, as illustrated on Content Square's website, the Accused Product analyzes user feedback in multiple stages, factors into the stage specific analysis web behavior analysis relating to each of the stages, and reports the results of the analysis in relation to each of the stages separately for each stage.



https://Content Square.com/platform/customer-journey-analytics/



https://Content Square.com/platform/ai-insights/

22. Upon information and belief, Content Square has been and is also responsible for direct infringement on a joint or divided infringement theory because it performs at least one claimed step, and has conditioned the benefit of a financial relationship with itself on another company's (e.g., at least SurveyMonkey's) performance of certain other method steps, and Content Square controls the manner or timing of that performance through contractual and/or technological means.

23. Medallia is informed and believes, and on that basis alleges, that Content Square's infringement of the '552 Patent has been and continues to be intentional, willful, and without regard to Medallia's rights at least because it had knowledge of the '552 Patent through its relationship with Medallia (as a Technology Partner) and/or by this Complaint.

24. Upon information and belief, Content Square has been and is inducing infringement of the '552 Patent through the dissemination of the products and services described above and/or the creation and dissemination of promotional materials, marketing materials, instructions, product manuals, professional services, and/or technical information that instruct users such as its customers to use those products and services in a manner that infringes one or more claims of the '552 Patent, including but not limited to the Content Square web pages described above. Upon information and belief, Content Square has been and is engaging in such acts of inducement with knowledge of the '552 Patent and knowledge that the induced acts constitute patent infringement, or willful blindness to that fact, in violation of 35 U.S.C. § 271(b).

25. Upon information and belief, Content Square has been and is contributing to the infringement of the '552 Patent by selling or offering to sell the Accused Product, knowing it to be especially made or especially adapted for practicing the invention of the '552 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 25 U.S.C. § 271(c).

26. Medallia is informed and believes, and on that basis alleges, that Content Square

has profited from its infringement of the '552 Patent.

27. Medallia has sustained damages as a direct and proximate result of Content Square's infringement of the '552 Patent.

28. Medallia will suffer and is suffering irreparable harm from Content Square's infringement of the '552 Patent. Medallia has no adequate remedy at law and is entitled to an injunction against Content Square's continuing infringement of the '552 Patent. Unless enjoined, Content Square will continue its infringing conduct.

## PRAYER FOR RELIEF

WHEREFORE, Medallia prays for the following relief:

29. A judgment that Content Square has directly infringed, contributorily infringed, and/or induced infringement of one or more claims of the '552 Patent;

30. An order and judgment preliminarily and permanently enjoining Content Square and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors, and assigns from further acts of infringement of the '552 Patent;

31. A judgment awarding Medallia all damages adequate to compensate for Content Square's infringement of the '552 Patent, including its lost profits but in no event less than a reasonable royalty, along with prejudgment and post-judgment interest at the maximum rate permitted by law;

32. A judgment awarding Medallia all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

33. Actual damages suffered by Medallia as a result of Content Square's unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

34. A judgment that this is an exceptional case and an award to Medallia of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285; and

35. Such other relief as this Court deems just and proper.

Dated:  May 26, 2021			RIMON, P.C.


			By: */s/ Melissa R. Smith*
			RIMON, P.C.
			Karineh Khachatourian (SBN 202634)
			karinehk@rimonlaw.com
			Nikolaus A. Woloszczuk (SBN 286633)
			nikolaus.woloszczuk@rimonlaw.com
			Oren J. Torten (SBN 332720)
			oren.torten@rimonlaw.com
			2445 Faber Place, Suite 250
			Palo Alto, California 94303
			Telephone: 650.461.4433
			Facsimile: 650.461.4433

			MELISSA R. SMITH (TX SBN 24001351)
			melissa@gillamsmithlaw.com
			GILLAM & SMITH, LLP
			303 South Washington Avenue
			Marshall, TX 75670
			Telephone:	903-934-8450
			Facsimile:	903-934-9257

			Attorneys for Plaintiff MEDALLIA INC.