# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| MEDALLIA INC., <br><br> Plaintiff, <br><br> vs. <br><br> CONTENT SQUARE SAS, <br><br> Defendant. | Case No.: 6:21-cv-00532-ADA <br><br> **JURY TRIAL DEMANDED** |

## CONTENT SQUARE SAS' ANSWER TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Content Square SAS ("Defendant" or "Content Square"), by and through its Counsel, hereby files its Answer and affirmative defenses ("Answer") to Plaintiff Medallia Inc.'s ("Plaintiff" or "Medallia") First Amended Complaint ("FAC") filed on September 14, 2021. Each of the paragraphs below corresponds to the same numbered paragraph in the FAC. Content Square denies all allegations in the FAC, whether express or implied, that are not specifically admitted below. Content Square further denies that Medallia is entitled to the relief requested in the FAC, or to any other relief.

## NATURE OF THE ACTION

1. Content Square admits that the FAC purports to be a civil action for infringement of Plaintiff's United States Patent No. 8,886,552 ("the '552 Patent") by Defendant under the patent laws of the United States, 35 U.S.C. § 1 et seq.

## PARTIES

2. Content Square lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 2, and on that basis denies them.

1

3. Content Square admits that it is a company organized and existing under the law of France. Content Square's principal place of business is at 7 Rue de Madrid, 75008 Paris, France.

4. Content Square admits that it has employees whose official office is located in France. Content Square denies the remaining allegations recited in paragraph 4.

## JURISDICTION AND VENUE

5. Content Square admits that the FAC purports to bring an action for patent infringement arising under the patent laws of the United States. Content Square denies any and all allegations of patent infringement alleged in the FAC. Content Square also denies the legal sufficiency of Plaintiff's claims and allegations and denies that Plaintiff has any viable claims as to Content Square. Content Square admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1338(a) and 1331.

6. Content Square denies the allegations in paragraph 6, but for purposes of this action only, does not contest personal jurisdiction as to Content Square.

7. Content Square denies the allegations in paragraph 7, but for purposes of this action only, does not contest that venue is proper as to Content Square. Content Square denies this forum is convenient for Content Square, Content Square's witnesses, or third-party witnesses. Content Square also denies that this district has a local interest in the subject matter of the dispute.

## FACTUAL BACKGROUND

8. Content Square lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 8, and on that basis denies them.

9. Content Square lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 9, and on that basis denies them.

10. Content Square admits that it was founded in 2012 by Jonathan Cherki, who serves as President of Content Square SAS.

## FIRST CAUSE OF ACTION

### (Alleged Infringement of Patent No. 8,886,552)

11. Content Square incorporates by reference its responses to each of the foregoing paragraphs.

12. Content Square admits that U.S. Patent No. 8,886,552 issued on November 11, 2014 and is titled "Method and System for Online User Feedback on Websites and Software." Except as expressly admitted, Content Square denies the remaining allegations in paragraph 12.

13. Content Square lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 13, and on that basis denies them.

14. Content Square denies the allegations in paragraph 14.

15. Content Square denies the allegations in paragraph 15.

16. Content Square denies the allegations in paragraph 16.

17. Content Square denies the allegations in paragraph 17.

18. Content Square denies the allegations in paragraph 18.

19. Content Square denies the allegations in paragraph 19.

20. Content Square denies the allegations in paragraph 20.

21. Content Square denies the allegations in paragraph 21.

22. Content Square denies the allegations in paragraph 22.

23. Content Square denies the allegations in paragraph 23.

24. Content Square denies the allegations in paragraph 24.

25. Content Square denies the allegations in paragraph 25.

26. Content Square denies the allegations in paragraph 26.

27. Content Square denies the allegations in paragraph 27.

28. Content Square denies the allegations in paragraph 28.

29. Content Square denies the allegations in paragraph 29.

30. Content Square denies the allegations in paragraph 30.

31. Content Square denies the allegations in paragraph 31.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Content Square incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein. Content Square denies any and all allegations of patent infringement in the FAC. Content Square denies any allegation that Medallia is entitled to any relief requested in paragraphs "32-37" of the FAC's Prayer for Relief, or any other relief.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without altering any applicable burdens of proof, Content Square asserts the following defenses to the FAC and reserves its right to assert additional defenses.

## FIRST DEFENSE – NON-INFRINGEMENT

Content Square does not infringe and has not infringed, directly or indirectly, any valid asserted claim of U.S. Patent No. 8,886,552.

## SECOND DEFENSE – INVALIDITY

All asserted claims of U.S. Patent No. 8,886,552 are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq., including, but not limited to §§ 101, 102, 103, and/or 112.

### THIRD DEFENSE – LIMITATION ON DAMAGES

Medallia's claims for damages are barred, in whole or in part, by 35 U.S.C. §§ 286, 287, and/or 288.

### FOURTH DEFENSE – FAILURE TO STATE A CLAIM

The FAC fails to state a claim upon which relief can be granted.

### FIFTH DEFENSE – LICENSE

On information and belief, Medallia's claims for relief are barred, in whole or in part, by express or implied licenses granted by Medallia and/or its predecessor-in-interest.

### SIXTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

The relief sought by Medallia is barred, in whole or in part, under the doctrine of prosecution history estoppel due to amendments and/or statements made during prosecution of the patent-in-suit.

### PRAYER FOR RELIEF

WHEREFORE, Content Square prays that this Court enter judgment:

A.  In favor of Content Square, and against Medallia, thereby dismissing the FAC with prejudice, with Medallia taking nothing by the way of its claims;

B.  That Content Square has not infringed, and is not now infringing any valid asserted claims of the '552 patent under any subsection of 35 U.S.C. § 271;

C.  That all asserted claims of the '552 patent are invalid and/or unenforceable;

D. That this case stands out from others and as such is an exceptional case pursuant to 35 U.S.C. § 285 and ordering Medallia to pay Content Square's reasonable attorneys' fees incurred in this action;

E. That Medallia pay all costs incurred by Content Square in this action; and

F. Awarding Content Square all other relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Content Square respectfully requests a trial by jury on all issues so triable.

Dated: October 26, 2021

Respectfully submitted,

By: *Deron R. Dacus*
Deron R. Dacus (TX 00790553)
ddacus@dacusfirm.com
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543

Stephen Smith (*pro hac vice to be filed*)
stephen.smith@cooley.com
Samuel K. Whitt (*pro hac vice*)
swhitt@cooley.com
COOLEY LLP
1299 Pennsylvania Ave., NW
Suite 700
Washington, DC 20004
Telephone: (703) 456-8000
Facsimile: (703) 456-8100

Matthew J. Brigham (*pro hac vice*)
mbrigham@cooley.com
David N. Murdter (*pro hac vice*)
dmurdter@cooley.com
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

***Attorneys for Defendant Content Square SAS***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on October 26, 2021.

>/s/ Deron R. Dacus
>Deron R. Dacus